## EX PARTE V. H. MONTGOMERY.

### No. 5594.   Decided February 18, 1920.

**1.—Falsely Packing Cotton—Validity of Law.**

Where appellant was charged by information in the County court with the offense of falsely packing a bale of cotton, said prosecution being under section 47 of chapter 41 of the Acts of the first called session of the Thirty-fifth Legislature, and upon *habeas corpus* proceedings contended that the language of said Act was too indefinite to be understood, held that said statute is valid, and the words, "falsely pack a bale of cotton" in their usual sense are well understood. Distinguishing: Griffin v. State, 218 S. W. Rep., 494, recently decided.

**2.—Same—Indictment—Pleading—Form of Information.**

The indictment or information to be sufficient under this Act should charge the particular matter constituting the act or fraud relied upon by the State in a given case.

3.—Same—Statutes Construed—Validity of Act—Rehearing.

To charge a person with falsely packing a bale of cotton in manner and form as substantially set out in the original opinion, sufficiently puts him on notice of the charge against him, and the statute in question is not too vague or uncertain to be enforced.

Appeal from the County Court of Hunt. Tried below before the Hon. A. J. Gates, judge.

Appeal from a habeas corpus proceeding denying release of relator under a charge of falsely packing a bale of cotton.

The opinion states the case.

*Dinsmore, McMahan & Dinsmore and Clark & Sweeton,* for relator.—Cited: Cogdell v. State, 193 S. W. Rep., 675; Augustine v. State, 52 id., 77; Ex parte Marshall, 72 Texas Crim. Rep., 83, 161 S. W. Rep., 112: Williams v. State, 12 Texas Crim. App., 285; Brown v. State, 15 Texas Crim. App., 581; Bryan v. State, 54 Texas Crim. Rep., 18, 111 S. W. Rep., 744; Griffin v. State, recently decided.

*C. M. Cureton,* Attorney General, for the State.—Cited: State v. Randle, 41 Texas, 292; Allen v. State, 34 id., 230; Cross v. State, 17 Texas Crim. App., 4766; Evans v. State, 22 S. W. Rep., 18; Jackson v. State, 55 Texas Crim. Rep.. 79, 115, id., 262; Humphrey v. State, 4 Texas Crim. Rep., 434.

LATTIMORE, JUDGE.—This case comes before us on appeal from a judgment of the County Court of Hunt County, wherein on a hearing upon his writ of *habeas corpus,* the appellant was remanded to the custody of the sheriff of said county. Appellant was charged by information in the County Court of said county, with the offense of falsely packing a bale of cotton, said prosecution being under Section 47 of Chapter 41, of the Acts of the First Called Session of the Thirty-fifth Legislature; and, alleging that the language of said act, to wit, "falsely pack a bale of cotton," was so indefinite and of such doubtful construction, as that it could not be understood, the relator sued out a writ of habeas corpus before the district judge of said County, by whom, upon a hearing, he was remanded to the custody of the sheriff.

A large number of authorities are cited by the appellant, but the same hardly seem to us to be fairly applicable or decisive.

Articles 58 and 59, of our Code of Criminal Procedure, direct that the words used in our Code be taken in their usual sense, unless otherwise directed. Mr. Webster defines the word "pack" as meaning to make up into a pack, a bale, or bundle; to stow articles securely for transportation, etc. There is probably no better understood word in ordinary use than the word "falsely." The citizens

of this State are very familiar with what is meant by packing cotton into a bale or bundle. Do the people know what ought fairly to go into such a bale? Do they know what the people dealing with such bales or bundles have a right to expect to be placed therein? We think they do, and that both words, "falsely," and "pack," are of no doubtful import or construction; and that both of said words, used together as applicable to a bale of cotton, convey a clear meaning, such as is contemplated by Articles 9 and 10 of our Penal Code. It is not necessary to put into a statute mention of all the specific ways in which the offense therein set forth, may be committed, and we might take much time in enumerating, for the sake of illustration, but do not deem it necessary. Our statutes denounce unlawful homicide as murder, but the pleader is required to go further and put into his indictment the specific means by which the homicide in the instant case was committed. Our Penal Code prohibits in general terms, libel, forgery, and other offenses too numerous to mention, pleading which, the prosecuting officer must set out the facts constituting the particular offense charged in the given case. We do not believe the words used in this case are of such doubtful import or construction as to render this statute vague or uncertain, or subject to the criticisms of appellant. However, inasmuch as this particular statute does not appear to have been construed, we desire to say that in prosecutions thereunder, we think the indictment or information to be sufficient, should charge the particular matter constituting the act or fraud relied on by the State in a given case; that is, should charge that A. B., with intent to defraud did falsely pack a bale of cotton by then and there placing certain sand, earth, stones, or other foreign substance in said bale of cotton, or in some other way doing something to said bale of cotton, so that the reasonable result thereof would be to defraud the persons dealing with such bale. We do not attempt to define all of the manners in whch this statute might be violated, but in a general way, indicate the above.

The only attack in the court below upon this information being that the law was unconstitutional, and violative of the provisions of Art. 6 of our Penal Code, we think the trial court correctly remanded appellant.

No error appearing in the judgment of the trial court, the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

### February 18, 1920.

LATTIMORE, JUDGE.—Appellant files a motion for rehearing, submitting the same propositions as were contained in his former

presentation, and cites, substantially, the same authorities as relied upon in his original hearing.

Some additional authorities from other States are cited, which, without specific review, we do not think to be in point. Appellant also cites the recent case of Griffin, 86 Texas Crim. Rep., 498, handed down by this Court, which case, appellant contends, decides the questions involved in this case. In our view, appellant misapprehends the Griffin case, which involved the sufficiency of a law attempting to regulate the lights permissible on an automobile; said law forbidding the use of lamps which, "shall project forward a light of such glare and brilliancy as to seriously interfere with the sight of, or temporarily blind the vision of, the driver of a vehicle approaching from an opposite direction."

Construing the language of said law, we held it impossible of determination by one accused, as to what kind of lights he might use, in advance of ascertaining the kind and character of eyesight of the driver of the approaching vehicle, and that to leave the question of criminality vel non dependent on peculiarities of vision of any number of approaching drivers, was too indefinite and uncertain.

We are unable to see any similarity in the description of an offense which forbids the false packing of a bale of cotton, and that held bad in the Griffin case. To uphold appellant's contention here, would be to declare unconstitutional for uncertainty, our slander statute, which forbids in terms, the false imputation, of want of chastity of an unmarried female; also our statute forbidding the publication of another as a coward, or by other opprobrious language, and the statute on making false entries by the clerks of courts; and the giving of false certificates by officers; and false impersonation of officers, and many other statutes, too numerous to mention. We recognize that it would be no good reason for upholding the statute objected to in the instant case, simply because other statutes might thereby be attacked or involved, but there are so many statutes frequently invoked and discussed which are no more definite and certain than the one under discussion, that attention was called to this fact by us. We think that to charge one with falsely packing a bale of cotton in manner and form as substantially set out in our original opinion, sufficiently puts him on notice of the charge against him, and that the statute in question is not obnoxious as being too vague and uncertain; and the motion for rehearing is overruled.

*Overruled.*