DEPARTMENT OF PUBLIC SAFETY et al. v. BUCK.

No. 10103.

Court of Civil Appeals of Texas. Austin.

March 11, 1953.

Rehearing Denied April 8, 1953.

Price Daniel, Atty. Gen., and Calvin B. Garwood, Jr., Asst. Atty. Gen., for appellants.

Harry S. Pollard, Austin, for appellee.

GRAY, Justice.

Appellee, Thomas W. Buck, Jr., brought this suit individually and allegedly as a class suit against the Department of Public Safety, its officials, officers, employees, agents, and representatives (including all Sheriffs and Constables, and their deputies, of the several counties of Texas, and Chiefs of Police, and their police officers, of the several cities, towns and villages of Texas).

Appellee alleged that he and the class of persons in whose behalf he sued were the owners and operators of motor vehicles equipped with properly installed and properly operating Smithy mufflers, a type of motor vehicle muffler manufactured by Smithy Manufacturing Company of Los Angeles, California.

The relief sought was a declaratory judgment adjudging that the unaltered, unmodified and undamaged Smithy mufflers as manufactured by the company are not unlawful when properly installed and operated upon motor vehicles; adjudging that the muffler laws of Texas are unconstitutional and void because they are indefinite, vague and uncertain, and for a permanent injunction restraining the defendants from arresting and prosecuting owners of motor vehicles equipped with unaltered and unmodified Smithy mufflers, and from enforcing or attempting to enforce the muffler laws of Texas.

Various parties intervened as parties plaintiff.

The Department of Public Safety (apparently the only defendant cited) answered and has appealed from the judgment later described.

The trial was nonjury and the court held that portion of Art. 797, Vernon's Ann.P. C., providing that:

"Every motor vehicle must have devices in good working order which shall at all times be in constant operation to prevent excessive or unusual noises, annoying smoke, and the escape of gas or steam."

and that portion of Art. 6701d, Vernon's Ann.Civ.St., § 134(a), providing that:

"Every motor vehicle shall at all times be equipped with a muffler in good working order and in constant operation to prevent excessive or unusual noise and annoying smoke * * *."

to be unconstitutional and void because vague, indefinite and uncertain.

The trial court's injunction provided that:

"* * * all law enforcement officers in Texas, including the Department of Public Safety of Texas and the Public Safety Commission of Texas, their officials, officers, agents, employees, and representatives, and the Sheriffs and Constables and their deputies of the several counties of Texas, and the Chiefs of Police and their police officers of the several cities, towns and villages of Texas, be and each is hereby perpetually enjoined and restrained from causing or permitting the arrest and prosecution of operators of motor vehicles equipped with motor vehicle mufflers of the type as manufactured by Smithy's Muffler Manufacturing Company of Los Angeles, California, for alleged violation of the muffler laws of Texas when such mufflers are installed properly without modification or alteration and are not damaged to the extent that exhaust leaks are permitted to occur, and from disapproving and refusing to issue certificates of inspection to the operators of motor vehicles equipped with mufflers as aforesaid, merely because such vehicles are equipped with said mufflers; * * *."

The Court of Criminal Appeals has not passed on the validity of the portions of arts. 797 and 6701d, § 134, now before us and we recognize that that Court is vested with the authority to determine the validity of those articles as criminal statutes. However appellee asserts that his rights are affected by the operation of these statutes and has questioned their validity. It therefore becomes our duty to here determine their validity. Gann v. Keith, Tex.Sup., 253 S.W.2d 413.

We, of course, are to here view the statutes as defining a criminal offense, rather than a rule of civil conduct in support of a civil action. However, the statutes in question regulates the use of motor vehicles on public highways and streets,—to prevent excessive and unusual noise, and the escape of annoying smoke, gas or steam. It can be readily understood that the prohibited acts, if permitted, would seriously interfere with the safe use of our streets and highways and increase the dangers incident thereto. Even if the motor vehicle was not

in operation on the public highways or streets the prohibited acts could conceivably disturb the peaceful enjoyment of adjacent property.

The standards by which penal statutes are to be measured are to be found in arts. 1, 8 and 6, Vernon's Ann.P.C. These statutes respectively provide:

"The design of enacting this Code is to define in plain language every offense against the laws of this State and affix to each offense its proper punishment."

"Words which have their meaning specially defined shall be understood in that sense, though it be contrary to their usual meaning; and all words used in this Code, except where a word, term or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed."

"Whenever it appears that a provision of the penal law is so indefinitely framed or of such doubtful construction that it can not be understood, either from the language in which it is expressed, or from some other written law of the State, such penal law shall be regarded as wholly inoperative."

▮▮ To meet the requirements of the foregoing statutes, and the Constitution, a penal statute must be sufficiently definite, clear and unambiguous to inform, with reasonable certainty, those subject to its provisions what they mean, and who is liable for punishment for its violation. Missouri, K. & T. Ry. Co. of Texas v. State, 100 Tex. 420, 100 S.W. 766; Railroad Commission v. Fort Worth & D. C. Ry. Co., Tex.Civ. App., 161 S.W.2d 560, error ref. w. o. m. It is not necessary, however, that the statute set out or mention specifically all the ways that it may be violated. Ex parte Montgomery, 86 Tex.Cr.R. 636, 218 S.W. 1042.

As we understand appellants' argument and contention it is that the Smithy muffler when properly installed without modification or alteration and which are not dam-aged "do not cause or permit excessive, unnecessary, or unusual exhaust noise, nor annoying exhaust smoke." They say in effect that when properly installed, and undamaged, the Smithy muffler constitutes a device sufficient to meet the requirements of the statutes. It may be conceded that any muffler could be so installed or so damaged that it would not prevent the noise, the escape of smoke, gas or steam prohibited by the statute.

A representative of the Department of Public Safety said no instructions had been issued to the Highway Patrol to make arrests for the use of any particular type or make of muffler, and denied any intent on the part of the Department to issue any order requiring a discrimination against the Smithy muffler as such.

Our inquiry then is directed to whether or not the statutes are void because they are vague, indefinite and uncertain.

"A penal statute is sufficiently certain, although it may use general terms, if the offense is so defined as to convey to a person of ordinary intelligence an adequate description of the evil or mischief intended to be prohibited." Ex parte Frye, 143 Tex.Cr. R. 9, 156 S.W.2d 531, 537.

▮ It is quite true that in civil actions the meaning of the term "excessive" is to be determined in the light of, and with reference to, the cause of action asserted. In a measure that test is applicable here—as applied to the operators of a motor vehicle. As to him the word is to be interpreted as descriptive "of the evil or mischief intended to be prohibited." Webster's New International Dictionary, 2d Ed., gives the following definition of the word "excessive":

"Characterized by, or exhibiting excess, as: a. Exceeding what is usual and proper; over much. b. Greater than the usual amount or degree; exceptional, very great."

The word "unusual" simply means not usual, uncommon.

In rejecting the argument that a statute of the State of Idaho which declared it to be a misdemeanor for any person having

charge of sheep to allow them to graze on a range previously occupied by cattle was void because indefinite, the Court said:

"Men familiar with range conditions and desirous of observing the law will have little difficulty in determining what is prohibited." Omaechevarria v. State of Idaho, 246 U.S. 343, 38 S. Ct. 323, 325, 62 L.Ed. 763.

In Kovacs v. Cooper, 336 U.S. 77, 69 S. Ct. 448, 449, 93 L.Ed. 513, 10 A.L.R.2d 608, the Court upheld an ordinance of the City of Trenton, New Jersey, which declared it unlawful for any person to use or operate on the public streets, alleys or thoroughfares of the city any device which emits loud and raucous noises and which is attached to any vehicle operated or standing. The Court said:

"The contention that the section is so vague, obscure and indefinite as to be unenforceable merits only a passing reference. This objection centers around the use of the words 'loud and raucous.' While these are abstract words, they have through daily use acquired a content that conveys to any interested person a sufficiently accurate concept of what is forbidden."

Every motor vehicle when in normal operation necessarily makes some noise, emits some smoke, and permits gas or steam to escape to some extent. They are in constant operation on our streets and highways and even in the sparsely settled areas of our State they are operated daily within the hearing and view of the citizens.

■ We think any ordinary and interested person would have no difficulty in determining whether or not an excessive and unusual noise or offensive or excessive exhaust fumes accompanied the operation of a motor vehicle.

It is our opinion that the trial court erred in adjudging the statutes to be void, and in granting the injunction prayed for.

The judgment appealed from is reversed, the injunction is dissolved, and judgment is here rendered that appellee take nothing.

Reversed and rendered, injunction dissolved.

On Appellee's Motion for Rehearing.

In their motion for rehearing appellees say that we erred in our original opinion in holding Art. 797, Vernon's Ann.P.C. and Art. 6701d, § 134, Vernon's Ann.Civ.St., to be constitutional, and further in dissolving the injunction because the trial court found as a fact that:

"* * * motor vehicle mufflers of the type as manufactured by Smithy's Muffler Manufacturing Company of Los Angeles, California, do not cause or permit excessive, unnecessary, or unusual exhaust noise nor annoying exhaust smoke, when installed properly without modification or alteration and which are not damaged to the extent that exhaust leaks occur, but such mufflers efficiently, adequately, and lawfully minimize exhaust noises and exhaust smoke: * * *."

■ Under well established and declared rules of equity jurisprudence it is clear that the trial court was without authority to issue the writ of injunction in the absence of the existence of two facts:

"First, that such law is unconstitutional and void; second, that its enforcement constitutes a direct invasion of a vested property right of the complainants."

Ex parte Sterling, 122 Tex. 108, 53 S.W. 2d 294; Kemp Hotel Operating Co. v. City of Wichita Falls, 141 Tex. 90, 170 S.W.2d 217. For further citations of authorities see: 24 Tex.Jur. and 10-year Sup., Injunctions, § 46.

■ It being determined that the two statutes in question are valid it follows that the injunction was not authorized. Even if the property rights of appellees were invaded by valid criminal statutes it is for the courts created for the purpose of trying criminal cases to determine whether or not the facts constitute a violation of the criminal law, and the fact finding by the trial court in this case would not authorize the injunction.

We remain convinced that we were correct in our original opinion, and appellee's Motion for Rehearing is overruled.

Motion overruled.