Per Curiam.

The evidence was sufficient to sustain the convictions for disorderly conduct (Penal Law, § 722, subd. 2). Although defendants’ attendance at the meeting of the Public School Board in the Málveme Junior High School in order to protest the alleged failure of the board to correct the racial imbalance in the schools was proper, their subsequent conduct in refusing to leave within a reasonable time after the conclusion of the meeting, upon request of the authorities, and in obstructing the efforts of the school officials to close the school was unlawful. Defendants rely on Edwards v. South Carolina (372 U. S. 229) as authority for their conduct. The case is readily distinguishable. In Edwards they were outside the State House, where they had a right to be, peacefully picketing, without obstructing traffic or interfering with the rights of others. In the case before us, the defendants were not legally in the place from which they were requested to leave after the meeting had been adjourned and the school was closed to the public. As noted in the Edwards case (p. 236): “ We do not review in this case criminal convictions resulting from the evenhanded application of a precise and narrowly drawn regulatory statute evincing a legislative judgment that certain specific conduct be limited or proscribed. If, for example, the petitioners had been convicted upon evidence that they had violated a law regulating traffic, or had disobeyed a law reasonably limiting the period during which the State House grounds were open to the public, this would be a different case.” (Emphasis supplied.)
In the recent case of Henry v. City of Rock Hill (376 U. S. 776) decided by the Supreme Court of the United States on April 6, 1964 the court had previously remanded the case to the Supreme Court of South Carolina “for further consideration in light of Edwards v. South Carolina 372 U. S. 229 ”. In reversing the judgment of the State court the Supreme Court stated: “ We now think Edwards and Fields control the result here. As in those cases, the petitioners here, while at a place where the State’s law did not forbid them to be, were engaged in the ‘ peaceful expression of unpopular views. ’ Edwards v. South Carolina, 372 U. S., at 237. They assembled in a peaceful, *357 orderly fashion in front of the City Hall to protest segregation ” (p. 777; emphasis supplied). Thus, although the Supreme Court has decreed that the Fourteenth Amendment prohibits a State from making criminal the peaceful expression of “ unpopular views ”, this does not imply that persons wishing to exercise the right to express their views may comport themselves in a manner which will constitute disorderly conduct as defined in our penal statutes.
The judgments of conviction should be affirmed.
Concur — Hart, Brown and Croat, JJ,
Judgments of conviction affirmed.