[Crim. No. 4793.   First Dist, Div. Two.   Nov. 16, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. ARTHUR EDWARD MADEAROS, Defendant and Appellant.

Sims Hamilton for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Michael J. Phelan, Deputy Attorney General, John A. Nejedly, District Attorney, Robert L. Boags and Lindsay M. Mickles, Deputy District Attorneys, for Plaintiff and Respondent.

Matthew S. Walker as Amicus Curiae on behalf of Plaintiff and Respondent.

AGEE, J.—Defendant was convicted in municipal court of operating a diesel truck "in a manner resulting in the escape of excessive smoke," a violation of section 27153 of the Vehicle Code. The judgment of conviction was reversed by the appellate department of the superior court. That court then certified the cause to us under rule 63 of the California Rules of Court. We accepted the transfer.

The sole issue before us is whether section 27153 is unconstitutional in that, as defendant contends, the term "excessive smoke" is "so indefinite, uncertain and vague that it fails to inform a person of ordinary or average intelligence of what acts or omissions it declares to be prohibited and punishable, or fix any standard of guilt."

The same attack was made in *Smith* v. *Peterson*, 131 Cal. App.2d 241 [280 P.2d 522, 49 A.L.R.2d 1194], on the con-

stitutionality of section 27150 (then § 673) of the Vehicle Code. This section provides that every motor vehicle "shall at all times be equipped with an adequate muffler in constant operation and properly maintained to prevent any excessive or unusual noise . . . ."

The statute was held to comply with the constitutional requirement of reasonable certainty and understandability. We adopt the following statement in *Smith* v. *Peterson.*

"It is well settled that a criminal statute which is so indefinite, vague and uncertain that the definition of the crime or standard of conduct cannot be ascertained therefrom, is unconstitutional and void. However, there is a uniformity of opinion among the authorities that a statute will not be held void for uncertainty if any reasonable and practical construction can be given to its language. Nor does the fact that its meaning is difficult to ascertain or susceptible of different interpretations render the statute void. All presumptions and intendments favor the validity of a statute and mere doubt does not afford sufficient reason for a judicial declaration of invalidity. Statutes must be upheld unless their unconstitutionality clearly, positively and unmistakably appears. Doubts as to its construction will not justify us in disregarding it. In determining whether a penal statute is sufficiently explicit to inform those who are subject to it what is required of them the court must endeavor, if possible, to view the statute from the standpoint of the reasonable man who might be subject to its terms. It is not required that a statute, to be valid, have that degree of exactness which inheres in a mathematical theorem. It is not necessary that a statute furnish detailed plans and specifications of the acts or conduct prohibited. The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding. [Numerous citations.]" (Pp. 245-246.)

While *Smith* involves excessive *noise* and we are concerned with excessive *smoke,* we see no sound reason to make any legal distinctions herein. As stated in *Department of Public Safety* v. *Buck* (Tex. Civ. App.) 256 S.W.2d 642, 646: "Every motor vehicle when in normal operation necessarily makes some noise, emits some smoke, and permits gas or steam to escape to some extent. They are in constant operation on our streets and highways and even in the sparsely

settled areas of our State they are operated daily within the hearing and view of the citizens. We think any ordinary and interested person would have no difficulty in determining whether or not an excessive and unusual noise or offensive or excessive exhaust fumes accompanied the operation of a motor vehicle.''

Judgment of conviction affirmed.

Shoemaker, P. J., and Taylor, J., concurred.