44 Cal.Rptr. 438]

## Appellate Department, Superior Court, Los Angeles

[Crim. No. A6153.   Apr. 29, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. STEVEN MICHAEL GREEN, Defendant and Appellant.

[Crim. No. A6154.   Apr. 29, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM MAYS, Defendant and Appellant.

[Crim. No. A6155.   Apr. 29, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. MICHAEL LA MONTE ROBINSON, Defendant and Appellant.

[Crim. No. A6156.   Apr. 29, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. CAROLINE PERKINS SWEEZY, Defendant and Appellant.

[Crim. No. A6157.   Apr. 29, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. CHARLES ABRAHAM SAMUELSON, Defendant and Appellant.

[Crim. No. A6158.   Apr. 29, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN HOWARD TAVASTI, Defendant and Appellant.

(Consolidated Cases)

Laurence R. Sperber, Robert J. Schmorleitz, Ross G. Brown and Hirsch Adell for Defendants and Appellants.

A. L. Wirin and Fred Okrand as Amici Curiae on behalf of Defendants and Appellants.

Robert G. Cockins, City Attorney, Robert D. Ogle, Assistant City Attorney, and Marshall Barth, Deputy City Attorney, for Plaintiff and Respondent.

HULS, P. J.—Defendants, in the above referred to six cases, appeal from the judgment against each of them for violation of Penal Code section 415, generally referred to as disturbing the peace.

The evidence supports each of the judgments and is briefly related here. ■ The acts complained of occurred on a Friday afternoon in a branch of the Bank of America between the hours of 3 to 6 p.m. and especially from 5 to 6 p.m., a time when we may judicially notice the business of a bank is at its heaviest. ■ Picketing by the defendants and others peacefully had taken place chiefly on the sidewalk in front of the entrance to the bank and outside of the bank. The defendants thereafter entered the bank and at various tellers' windows interfered with, disturbed and delayed the business of the bank officials and that of its customers. Defendants' refusal to move aside to permit other customers to conduct their business at the bank at the windows continued for some time until the tellers closed the windows and transferred their work to an area reserved for business with officers of the bank behind a railed-in enclosure; there temporary tellers' stations were set up and business was transacted by means of entrance of bank customers through a gate to the area. One defendant, at least, entered or attempted to enter this area and claims to have been shoved outside and to the floor but the evidence indicates that he was not shoved but fell of his own accord. He then lay on the floor in such proximity to the gate as to obstruct the passageway of those rightly entitled to enter through it. One of the other defendants likewise spreadeagled himself supine on the floor in the immediate proximity of the gate. All of the defendants and others of their common group then joined in an armlocked circle in the public area of the bank, close to the said entrance gate, and sang ''freedom'' songs and refused to desist or leave that area after having been requested and instructed to do so.

The conduct of the defendants was intended to and did obstruct, interfere with and delay the normal business relations of the bank and its officials and those of the public who were there for the transaction of business. The evidence shows beyond a reasonable doubt the guilt of each of the defendants.

■ The public peace is disturbed when the acts complained of disturb the public peace or tranquility enjoyed by members of a community where good order reigns among its members or where acts are likely to produce violence or where acts cause consternation and alarm in the community. *People* v. *Anderson* (1931) 117 Cal.App.Supp. 763, 767, 768, 772 [1 P.2d 64]. It is not necessary that any act have in itself any element of violence in order to constitute a breach of the peace.

*Cox* v. *Louisiana* (1965) 379 U.S. 536 [85 S.Ct. 453, 13 L.Ed. 2d 471], cited by appellants, is not in point for there the conduct and singing occurred in the street, not in a private business establishment. In *Terminiello* v. *Chicago* (1948) 337 U.S. 1 [69 S.Ct. 894, 93 L.Ed. 1131], the United States Supreme Court did not determine on the facts of the case and therefore it is not in point. In *Feiner* v. *New York* (1950) 340 U.S. 315 [71 S.Ct. 303, 328, 95 L.Ed. 267, 295], the disorderly conduct, so-called, occurred on a street corner and is therefore not in point. In *Garner* v. *Louisiana* (1961) 368 U.S. 157 [82 S.Ct. 248, 7 L.Ed.2d 207], the convictions were for disturbing the peace by participation in a lunchcounter sit-in. According to the Supreme Court, the record was devoid of any evidence to support a finding of disturbing the peace. The statute of Louisiana defining disturbing the peace, as it then stood, is very different from the California statute. On page 216 [7 L.Ed.2d] of the *Garner* case the court said: ''The catch-all provision under which the petitioners were tried and convicted follows an enumeration of six specific offenses, each of which describes overtly tumultuous or disruptive behavior. It would therefore normally be interpreted in the light of the preceding sections as an effort to cover other forms of violence or loud and boisterous conduct not already listed.'' Said subdivision (7), quoted on p. 214 [7 L.Ed.2d], reads ''Commission of any other act in such a manner as to unreasonably disturb or alarm the public.'' The *ejusdem generis* interpretation of subdivision (7) completely emasculates it as far as any similarity it might have to our Penal Code section 415 is concerned. In the case at bench as above indicated, the record supports a finding of disturbing the peace. Other United States Supreme Court cases cited are clearly differentiable.

For the reason that the conduct here inveighed against by the statute occurred within a private business establishment to inconvenience, annoyance, disturbance, obstruction and interference with the normal business of the bank and its customers, the evidence fully supports the finding of the jury and no error is shown to require a different finding by this court.

Nor do we find any error in the instructions given by the court.

■ Appellants attack Penal Code section 415 on the ground of its asserted unconstitutionality for vagueness and indefiniteness.

This court in *People* v. *Anderson, supra,* 117 Cal.App.Supp. 763, and many cases following it have held to the contrary. See *People* v. *Vaughan* (1944) 65 Cal.App.2d Supp. 844, 853 [150 P.2d 964]. *Rees* v. *City of Palm Springs* (1961) 188 Cal. App.2d 339 at p. 344 [10 Cal.Rptr. 386] referring to section 415, among other Penal Code sections, stated ''These are the time-honored vehicles provided by the state for the orderly suppression of those deviants who occasionally seek to disturb the peaceful pursuit of private affairs by the members of society. The public generally is well acquainted with their provisions and a prosecution based thereon rarely fails of conviction if the evidence properly shows a defendant has, in fact and in truth, offended against their provisions.'' Cf. *People* v. *Pallares* (1952) 112 Cal.App.2d Supp. 895, 902 [246 P.2d 173], and *In re Sheridan* (1964) 230 Cal.App.2d 365, 372 [40 Cal.Rptr. 894]. At p. 372 of the latter case the court stated that Penal Code, section 647a, subdivision (1), reasonably sets up an objective test for the words, annoyance or molestation. Cf. *People* v. *Madearos* (1964) 230 Cal. App.2d 642, 644-645 [41 Cal.Rptr. 269], citing *Smith* v. *Peterson* (1955) 131 Cal.App.2d 241, 245-246 [280 P.2d 522, 49 A.L.R.2d 1194]. Cases from other states likewise have upheld similar statutes against the like attack herein made. See *State* v. *Petty* (1962) 24 Conn. Supp. 337 [190 A.2d 502, 504] (sit-in demonstration in a private business office) certiorari denied by the United States Supreme Court, October 14, 1963, 375 U.S. 848 [84 S.Ct. 102, 11 L.Ed.2d 75]. In *People* v. *Harvey* (1954) 307 N.Y. 588 [123 N.E.2d 81], reaffirmed in *People* v. *Meola* (1960) 7 N.Y.2d 391 [198 N.Y.S.2d 276, 165 N.E.2d 851], the New York Court of Appeals held a statute similar to our Penal Code section 415 against annoying or interference with another by any offensive or disorderly act or language not to be so vague as to be invalid for lack of objective standards. The New York breach of peace statute again was upheld in *People* v. *Martin* (1964) 43 Misc.2d 355 [251 N.Y.S.2d 66]. To the same general effect against the claimed unconstitutionality of the statute see also *State* v. *Avnayim* (1962) 24 Conn. Supp. 7 [185 A.2d 295].

We hold that Penal Code section 415 is not unconstitutionally vague or indefinite.

The judgments are affirmed.

Swain, J., concurred.