STATE OF CONNECTICUT *v.* SCHUSTER'S EXPRESS, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 8-27294

Argued May 11—decided May 29, 1970

*Hugh F. Keefe,* of New Haven, for the appellant (defendant).

*John J. Esposito,* prosecuting attorney, for the appellee (state).

JACOBS, J. On August 4, 1969, the defendant's trailer truck was stopped by a state trooper who issued a uniform traffic ticket (Practice Book §§ 851,

852) charging the defendant with a violation of § 14-80 (c) of the General Statutes, which, in relevant part, provides: "The engine of every motor vehicle shall be so equipped and adjusted as to prevent excessive fumes or exhaust smoke."

The evidence showed that the state trooper followed the defendant's trailer truck for a distance of more than a mile on interstate 95 and that during that time "smoke emanated from said trailer truck and engulfed . . . [his] vehicle." The state trooper described the smoke as "a big billowing smoke, which had a heavy sooty oily odor and was continuous throughout the time the defendant's vehicle was being followed." The trial court concluded that (1) "[a]t the time and place in question, the engine of the defendant's vehicle was not so equipped and adjusted as to prevent excessive exhaust smoke" and (2) the provision of § 14-80 (c) under which the ·defendant was charged is not constitutionally invalid.

This appeal is concerned solely with the quoted provision of the statute.

In *People* v. *Madearos,* 230 Cal. App. 2d 642, 643, the sole issue before the court was whether the term "excessive smoke" as used in Vehicle Code § 27153[1] "is 'so indefinite, uncertain and vague that it fails to inform a person of ordinary and average intelligence of what acts or omissions it declares to be prohibited and punishable, or to fix any standard of guilt.' " In sustaining the constitutional validity of its "excessive smoke" statute, the court could (p. 644) "see no sound reason to make any legal distinctions" between its decision in *Smith* v. *Peterson,* 131 Cal.

---

[1] "[Cal. Vehicle Code] § 27153. EXHAUST PRODUCTS. No motor vehicle shall be operated in a manner resulting in the escape of excessive smoke, flame, gas, oil, or fuel residue."

App. 2d 241 ("excessive noise" statute)[2] and the "excessive smoke" provision of the Vehicle Code. The court held that the statute complied with the constitutional requirement of reasonable certainty and understandability. Cf. *State* v. *Schuster's Express, Inc.*, 5 Conn. Cir. Ct. 472.

In *People* v. *Byron*, 17 N.Y.2d 64, the New York Court of Appeals upheld the constitutionality of § 375 (31)[3] of the Vehicle and Traffic Law, forbidding "excessive or unusual noise" relating to the operation of motor vehicles upon the highways. The defendant claimed that the statute not only was written in a vague manner but was also indefinite and arbitrarily applied. In rejecting these contentions, the court stated (p. 67): "The test is whether a reasonable man subject to the statute would be informed of the nature of the offense prohibited and what is required of him. Such warning must be unequivocal but this requirement does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding." It was also pointed out that the evil sought to be prevented was "excessive or unusual noise" and that the legislature only wanted to minimize noise, not to prohibit it. The New York Court of Appeals held that the statute was not arbitrary and applied equally to all motor vehicles. Other states having laws virtually the same as General Statutes § 14-80 (e), pertaining to "unnecessary

---

[2] "[Cal. Vehicle Code] § 27150. MUFFLERS. Every motor vehicle subject to registration shall at all times be equipped with an adequate muffler in constant operation and properly maintained to prevent any excessive or unusual noise . . . ."

[3] The appeal involved only the validity of the following provision: "[N.Y. Vehicle & Traffic Law § 375 (31)] MUFFLERS. . . . Every motor vehicle, operated or driven upon the highways of the state, shall at all times be equipped with an adequate muffler in constant operation and properly maintained to prevent any excessive or unusual noise . . . ."

or unusual noise,"[4] have sustained their constitutional validity. See *Smith* v. *Peterson*, supra; *State* v. *Dorsett*, 3 N.C. App. 331; *Dayton* v. *Zoller*, 96 Ohio App. 424; *Ex parte Trafton*, 271 S.W.2d 814 (Tex. Crim. App.); *Department of Public Safety* v. *Buck*, 256 S.W.2d 642 (Tex. Civ. App.); cf. *Kovacs* v. *Cooper*, 336 U.S. 77, 79 (upholding ordinance prohibiting the use of instruments emitting "loud and raucous noises"); note, 49 A.L.R.2d 1202.

"Every motor vehicle when in normal operation necessarily makes some noise, emits some smoke, and permits gas or steam to escape to some extent. They are in constant operation on our streets and highways and even in the sparsely settled areas of our State they are operated daily within the hearing and view of the citizens. We think any ordinary and interested person would have no difficulty in determining whether or not an excessive and unusual noise or offensive or excessive exhaust fumes accompanied the operation of a motor vehicle." *Department of Public Safety* v. *Buck*, supra, 646.

There is no error.

In this opinion CASALE and KINMONTH, Js., concurred.

---

[4] "Sec. 14-80. MECHANICAL EQUIPMENT. . . . (e) Each motor vehicle and the devices thereon shall be so operated, equipped, constructed and adjusted as to prevent unnecessary or unusual noise. . . ."