**Commonwealth v. Solon**

*Francis P. Burianek*, for Commonwealth.
*Samuel A. Scott*, for defendant.

MELLENBERG, *J.*, December 27, 1979—This matter comes before us on defendant's timely-filed pre-trial application seeking dismissal of the charges against him. Defendant first claims that the city ordinance which defendant is charged with violating is unconstitutionally vague, overbroad and discriminatory, and second, that fatal error was committed in the amount of bond required by the magistrate.

On May 26, 1979, defendant, Richard Solon, was cited for violation of the City of Allentown's Noise Ordinance No. 12356, §719.04(b)(4). The citation he was issued indicated that the fine and costs involved would be $25 and $16, respectively. Defendant pled not guilty and posted a bond of $41 with Magistrate George H. Schadler, before whom the matter was pending. Magistrate Schadler refused to grant a hearing until defendant posted an additional $9 for a total of $50. Defendant posted the additional amount and after a hearing held on June 28, 1979, was convicted and sentenced to pay a fine of $41. Defendant appealed and filed a motion for pre-trial relief, which matter is now before the court for disposition.

Defendant first alleges that the city ordinance dealing with animal and bird noise, under which he was convicted, is unconstitutional. The ordinance reads:

"B. Specific Prohibitions—The following acts, and the causing thereof, are declared to be noise disturbances* and therefore in violation of this Ordinance: . . .

(4) Animals and Birds—Owning, possessing, harboring or controlling any animal or bird which barks, bays, cries, squawks or makes any other noise continuously and/or incessantly for a period of ten minutes or makes such noise intermittently for one-half hour or more to the disturbance of any person at any time of the day or night regardless of whether the animal or bird is physically situated in or upon private property; provided however that at the time the animal or bird is making such noise no person is trespassing or threatening to trespass upon private property in or upon which the animal or bird is situated or for any other legitimate cause which teased or provoked the animal or bird."

We recognize first that this ordinance is entitled to a presumption of constitutionality and that defendant has the burden of showing unconstitutionality beyond a reasonable doubt: Weaver v. Palmer Bros. Co., 270 U.S. 402 (1926); U.S. ex rel. Atty. Gen. v. Delaware and Hudson Co., 213 U.S. 366 (1909); Shapp v. Sloan, 480 Pa. 449, 391 A. 2d 595

---

*A "noise disturbance" is defined by §719.02(L):

"L. Noise Disturbance—Any sound which (1) endangers or injures the safety or health of humans or animals, or (2) annoys or disturbs a reasonable person of normal sensitivities, or (3) endangers or injures personal or real property."

(1978). The standard for determining unconstitutional vagueness has been set by the United States Supreme Court:

"That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." Connally v. General Construction Co., 269 U.S. 385, 391 (1926). See also, Cline v. Frink Dairy Co., 274 U.S. 445 (1927). Defendant has failed to meet his burden of showing the ordinance to be vague or overbroad.

The cases defendant cites in support of his position all deal with the First Amendment rights of speech and assembly. Because of the pre-eminence of that amendment, statutes restricting free expression have been much more strictly construed than those in other areas. We do not feel the same compunction to so rigidly read the ordinance here as to render it invalid. Our position finds support in similar cases: Penna. State Athletic Comm. v. Graziano, 12 D. & C. 2d 127, 70 Dauph. 257 (1957); and Smith v. Peterson, 280 P. 2d 522 (Cal. 1955).

Defendant also argues that the ordinance must fall because it permits the police to "wield apparently unlimited discretionary powers" of enforcement. We do not agree. We find that the standard is

sufficiently specific and adequately defined to withstand a constitutional attack. The ordinance requires that noise be such as to offend a reasonable person and to continue for specific lengths of time before one may be held accountable for violation.

Defendant next contends that the magistrate committed fatal error by requiring the posting of a $50 bond. Pa.R.Crim.P. 57(b)(1)(ii) reads:

"(b) Plea Procedure: (1) A defendant may plead not guilty by: . . . (ii) notifying the issuing authority who issued the summons of his plea by mail within ten (10) days of his receipt of the summons, and forwarding therewith an amount equal to the fine and costs specified in the summons, or if not specified therein, the sum of fifty dollars ($50) as security for his appearance at trial. The issuing authority, promptly upon receipt of the defendant's plea, shall set a date for trial, and shall notify the defendant by certified mail, return receipt requested, of the date and hour set for his trial. The said date shall not be less than twenty (20) days from mailing the notice of trial, unless the issuing authority sets an earlier date upon request of the defendant or his attorney, with the consent of the attorney for the Commonwealth, if he is the prosecuting officer, or in all other cases, with the consent of the affiant."

Since $41 was the amount specified in the summons, the magistrate erred in requiring more. However, we see no reason to dismiss the conviction on this basis. The error was corrected by prompt refund of the excess $9 after conviction and, in any case, defendant's due process rights were not abridged by this mistake.

## ORDER

Now, December 27, 1979, for the reasons set forth in the attached opinion, it is ordered that defendant's motion be and the same is hereby denied and his pre-trial application for relief is dismissed.