## CIRCUIT COURT OF THE CITY OF BRISTOL

Commonwealth of Virginia

v.

Bennett William Dixon

September 30, 1999

BY JUDGE CHARLES B. FLANNAGAN, II

This matter was taken under advisement by the court upon motion of the defendant to dismiss because the statutes involved were unconstitutionally vague.

Mr. Dixon was stopped for operating a motorcycle with an improper exhaust and for operating a motorcycle without wearing an approved protective helmet.

### I. *Exhaust System*

Defendant was charged for a violation of Va. Code § 46.2-1049 which provides in part as follows:

> No person shall drive ... any vehicle on a highway unless it is equipped with an exhaust system *of a type installed as standard factory equipment, or comparable to that designed for use on the particular vehicle as standard factory equipment ... to prevent excessive or unusual noise* .... An exhaust system shall not be deemed to prevent excessive or unusual noise if it permits the escape of noise *in excess of that permitted by the standard factory equipment exhaust system* ... .

Va. Code § 46.2-1049 (emphasis added).

Defendant contends that there are no standards other than the police officer's subjective views of whether an exhaust is comparable to factory

equipment or whether it is producing noise which is in excess of that permitted by standard factory equipment.

Very similar muffler statutes have long been upheld. See "Public regulations requiring mufflers or similar noise-preventing devices ...", 49 A.L.R.2d 1202. A California statute which required vehicles to be "equipped with an adequate muffler ... to prevent *excessive or unusual noise*" has been upheld. *Smith v. Peterson*, 131 Cal. App. 2d 241, 280 P.2d 522. The statute in *Smith, supra*, further provided that the exhaust system should not be modified "in a manner which will amplify or increase the noise emitted by the muffler originally installed ... ." *Id*. The trial court agreed with the argument presented, both there and in this case, that the prohibition was too vague and uncertain, leaving the matter to the subjective senses of the officer and declared the statute invalid. The appellate court reversed, holding that the statute was not void for vagueness.

The Virginia Supreme Court has upheld an anti-noise ordinance with language as general as the Statute in question and arguably even more subjective. See *City of Virginia Beach v. Murphy*, 239 Va. 353 (1990). The ordinance in *Murphy* prohibited such things as noise which would "unreasonably disturb or annoy the quiet, comfort or repose of *any person* ... ." *Id*., p. 354 (emphasis added).

Though certainly factually distinguishable, it is appropriate to note that the U. S. Supreme Court has upheld a Trenton, New Jersey, ordinance that prohibited sound trucks from emitting "loud and raucous noises." *Kovacs v. Cooper*, 336 U.S. 77, 93 L. Ed. 713 (1948). While other considerations were certainly in issue in that case, the objections to the ordinance included a claim that the prohibition was "so vague, obscure and indefinite as to be unenforceable." *Id*., p. 79. The court found that such contention "merits only a passing reference." *Id*.

In passing on the constitutionality of a statute, a court must presume that the legislative action is valid, and the burden is on the challenger to demonstrate that the law is unconstitutional. See, e.g., *Woolfolk v. Commonwealth*, 18 Va. App. 840 (1994).

If anything, the specificity of this statute is problematic for the Commonwealth. Before the defendant can be convicted of a violation of this offense, the Commonwealth must prove the statutory elements beyond a reasonable doubt. Given the language of this particular statute, I cannot determine at this point if the trooper will be able to provide the evidence necessary for a conviction. However, contrary to the position advanced by the defendant, I do not believe that anti-noise statutes or ordinances must provide for scientific precision to pass constitutional muster.

## II. *Helmet*

Va. Code § 46.2-910 requires that the helmets used by operators or passengers of motorcycles operating on the highways of this state must meet or exceed standards and specifications of "the Snell Memorial Foundation, the American National Standards Institute, Inc., or the Federal Department of Transportation." Va. Code § 46.2-910.

That Code section also provides that it is unlawful to sell or offer for sale for highway use in Virginia any helmet which fails to meet or exceed those standards. The Code does not require that a label be on the helmet indicating whether or not it meets or exceeds the standards designated.

Defendant contends that Va. Code § 46.2-910 creates a situation where the average citizen purchasing or using a motorcycle helmet has no reasonable way of knowing if his or her helmet is an approved helmet and the statute should be declared unconstitutionally vague.

Most jurisdictions considering the vagueness argument appear to have rejected that argument. See "Motorcycle Helmets — Rules — Validity," 32 A.L.R. 3d 1270.

Certainly, it would be easier for citizens using motorcycles on the highways of this state if the legislature simply required that all helmets sold or in use in Virginia have labels indicating compliance with the stated standards, but the failure to require such a label does not render the Statute unconstitutional. The Statute, with specificity, adopts standards which the helmets must meet.

This section may place some burden on a citizen to make inquiry to insure the protective helmet meets the required specifications. Defendant argues that such is almost impossible to determine as there is not a ready source of information available, even through the Internet. The court had no difficulty in locating the Snell Memorial guidelines, which, incidentally, provide for a label on its approved helmets.

When charged with a violation of this section, the burden remains upon the Commonwealth to prove beyond a reasonable doubt that the helmet did not meet the specifications in question. There is no burden on the defendant to prove that the helmet was an approved helmet. This offense may be an offense which is nearly impossible for the Commonwealth to prove without the production of expert testimony. If the expert has not examined, and perhaps tested, the helmet, it is unclear to the court at this time whether the Commonwealth will be able to prove its case beyond a reasonable doubt.

The defendant's lack of certainty as to the status of his helmet is not a defense to the charge, as this is not the type of offense which requires *mens*

*rea.* Evidence demonstrating an uninformed or misinformed effort to comply with the Statute would be a mitigating circumstance considered in determining the appropriate sanction if guilt is proven beyond a reasonable doubt.

## III. *Conclusion*

For the reasons aforesaid, the Motion to Quash will be overruled and this matter scheduled for trial without a jury on December 6, 1999. If defendant desires for a jury to hear this matter, counsel should advise the court on or before November 8, 1999, and a date certain will be chosen for a jury trial.