Opinion
KOPP, J.
This appeal involves a legal issue of first impression and continuing public interest in California.
Respondent, driving erratically at a slow speed southbound on U.S. Highway 101 at 1:20 a.m. on June 17, 2000, was stopped by California Highway Patrol officers. Requested to walk to the officers’ vehicle, respondent displayed difficulty in maintaining his balance. His movements were deliberate, slow and sluggish; his eyes were red and watery. He denied drinking any alcohol but stated he had consumed approximately 23 cups of kava. Asked if he felt any effects from the kava, respondent replied that he felt “slow and heavy.” Immediately thereafter, physical sobriety tests were administered to the respondent. His performance was flawed. A preliminary alcohol screening test showed 0.00 percent alcohol in his blood. One of the officers then arrested respondent after forming the opinion that respondent was under the influence of alcohol or a drug and his ability to operate a motor vehicle safely was impaired.
Appellant commenced criminal action against respondent on June 19, 2000, accusing him of violating Vehicle Code section 23152, subdivision (a).[1] Respondent moved to dismiss the charge, claiming unconstitutionality of section 23152, subdivision (a) as applied to him in the circumstances of the case. He alleged the statute was “overly broad and vague” and its *Supp. 24 application on the facts of the case denied him “due process of law.” Respondent further contended section 23152, subdivision (a) provides no notice that driving under the influence of kava is a crime and that neither by statute nor case law is kava deemed a drug under section 23152, subdivision (a).
Respondent also moved pursuant to Penal Code section 1538.5 to suppress evidence from a postarrest urine test. Respondent’s motion to suppress evidence was considered first by the trial court at a hearing in which the arresting officer testified for appellant and was cross-examined by respondent. The respondent neither produced any evidence nor exercised responsibility for sustaining the burden of his motion to dismiss the case. In fact, appellant’s evidentiary presentation anent the motion to suppress evidence and the testimonial hearing thereon were subsumed by the court’s consideration of the motion to dismiss for unconstitutionality. The trial court denied the motion to suppress evidence and, after considering legal argument in which the court requested appellant to proceed first, ordered dismissal of the case, declaring it was doing so, “in this case, under these circumstances, based on the evidence in this particular record.”
Appellant appeals, claiming dismissal occurred pursuant to Penal Code section 1385 “in furtherance of justice” and that the trial court abused its discretion thereunder. We reverse, not because Penal Code section 1385’s discretionary power was abused (Pen. Code, § 1385 was not the basis of dismissal), but because (1) respondent, not appellant, bears the burden in his due process attack of showing Vehicle Code section 23152, subdivision (a)’s unconstitutionality as applied and failed utterly to do so, and (2) such showing as was adduced in the motion to suppress hearing persuades us the statute is constitutional as applied to respondent. As noted in People v. Archerd (1970) 3 Cal.3d 615, 639 [91 Cal.Rptr. 397, 477 P.2d 421], in which the defendant raised preindictment delay as a violation of his due process right to a speedy trial, an accused must demonstrate “prejudice or improper motive by the prosecution . . . [and thereafter] the burden shifts to the People to show that the pre-indictment delay was the result of a valid police purpose.” Similarly, respondent, not appellant, was first obliged procedurally to establish, by experts or other evidentiary sources, unconstitutional application, after which appellant could respond.
Since no facts were advanced by respondent concerning unconstitutional application of section 23152, subdivision (a) to him, he rests his unconstitutionality argument upon the lack of any judicial decision and omission of a literal statutory statement that kava constitutes a “drug” within the meaning of section 23152, subdivision (a). We could remand to the trial court for *Supp. 25 failure to compel respondent’s execution of his burden to show unconstitutionality of section 23152, subdivision (a) as applied. We do not do so because interpretation of a statute and the determination of its constitutionality are questions of law, absent any factual showing by an accused. As an appellate court, we apply a de novo standard of review. (People v. Health Laboratories of North America, Inc. (2001) 87 Cal.App.4th 442, 445 [104 Cal.Rptr.2d 618].)
All presumptions favor the validity of a statute, and statutes “must be upheld unless their unconstitutionality clearly, positively and unmistakably appears.” (Smith v. Peterson (1955) 131 Cal.App.2d 241, 246 [280 P.2d 522, 49 A.L.R.2d 1194].) A criminal statute satisfies due process so long as it is “definite enough to provide a standard of conduct for those whose activities are proscribed [citations]” and “providefs] definite guidelines for the police in order to prevent arbitrary and discriminatory enforcement. [Citations.]” (People v. Heitzman (1994) 9 Cal.4th 189, 199-200 [37 Cal.Rptr.2d 236, 886 P.2d 1229].) A statute must give fair warning and sufficiently inform ordinary people with average intelligence of the acts it declares prohibited and punishable. (Burg v. Municipal Court (1983) 35 Cal.3d 257, 270-272 [198 Cal.Rptr. 145, 673 P.2d 732].) The defendant in Burg challenged the then existing 0.10 percent blood-alcohol standard for conviction of a section 23152, subdivision (b) violation, with a vagueness theory that it was impossible “for a person to determine by means of his senses whether his blood-alcohol level is a ‘legal’ 0.09 percent or an ‘illegal’ 0.10 percent.” (Burg, at p. 270.) The court rejected defendant’s curious theory and commented that consumption of a quantity of alcohol “should notify a person of ordinary intelligence he is in jeopardy of violating the statute.” (Id. at p. 271.)
Respondent herein contends that without inclusion of kava, in haec verba, section 23152, subdivision (a) is void for vagueness. Actual notice of each drug constituting a basis for prosecution under section 23152, subdivision (a) is not required if a person is reasonably made aware of the proscribed conduct, namely, impaired driving ability resulting from ingestion of some substance. “It is not required that a statute, to be valid, have that degree of exactness which inheres in a mathematical theorem. It is not necessary that a statute furnish detailed plans and specifications of the acts or conduct prohibited.” (Smith v. Peterson, supra, 131 Cal.App.2d at p. 246.)
In People v. Buese (1963) 220 Cal.App.2d 802, 806-807 [34 Cal.Rptr. 102], the court held not void for vagueness a statute barring transportation of “drugs” into a county jail. The drug in issue was a hypnotic. The court observed: “ ‘Drugs’ is the general word used in association with ‘narcotics’ and ‘alcoholic beverages.’ These terms have a number of things in common, *Supp. 26 included among which is the fact that they are taken internally and when so taken they affect the brain, and particularly that function of the brain controlling judgment. By use of the word ‘drugs’ it is reasonable to assume the Legislature intended to include those drugs having similar characteristics. So interpreted hypnotic drugs are clearly within a much larger group possessing such similarity.” (Id. at p. 807.)
As used in section 23152, “drug” is defined by section 312, which declares: “The term ‘drug’ means any substance or combination of substances, other than alcohol, which could so affect the nervous system, brain, or muscles of a person as to impair, to an appreciable degree, his ability to drive a vehicle in the manner that an ordinarily prudent and cautious man, in full possession of his faculties, using reasonable care, would drive a similar vehicle under like conditions.”
Omission of kava by its name does not render Vehicle Code section 23152, subdivision (a) unconstitutionally vague as applied. (People v. Avila (2000) 80 Cal.App.4th 791, 802-803 [95 Cal.Rptr.2d 651]; People v. Keith (I960) 184 Cal.App.2d Supp. 884.) In Avila, a Penal Code section 286, subdivision (i) action, the Court of Appeal iterated: “A statute provides adequate notice when its ‘language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.’ ” (People v. Avila, supra, 80 Cal.App.4th at pp. 802-803, italics added.) No actual substance was (or is) identified in Penal Code section 286, subdivision (i). There, the court held the purpose of the allegedly vague language in that statute was “to define the crime in terms that clearly warn against the commission of sodomy on a victim whose ability to resist, . . . is prevented by substances having anesthetic or intoxicating effects . . . .” (Avila, at p. 798.)
Section 23152, subdivision (a) provides that vehicle operation while under the influence of a substance other than alcohol which could “affect the nervous system, brain, or muscles” (§312) in such a way as to impair a person’s ability to drive as an ordinarily prudent and cautious man using reasonable care would drive a vehicle under like conditions is a crime. It describes conduct; it does not purport to identify particular drugs, and it is not required constitutionally in this case to do so. (Testimony offered by appellant at the hearing on the motion to suppress evidence demonstrates respondent was himself aware of kava’s effects the very night of his arrest; he felt “slow and heavy.”[2]
Because respondent failed to sustain the burden of proof created by his due process motion to dismiss for unconstitutionality as applied and because *Supp. 27 section 23152, subdivision (a) in conjunction with section 312 conveys legally sufficient warning about the prohibited conduct, the judgment dismissing the criminal action against respondent is reversed. The case is remanded for trial.
Holm, P. J., and Pfeiffer, J., concurred.

All statutory references are to the Vehicle Code unless otherwise stated.

The effects upon his motoring ability were plainly observed by the arresting officer, who also observed respondent’s flawed performance on physical sobriety tests.