[Civ. No. 8850. Fourth Dist., Div. One. Sept. 12, 1968.]

MICHAEL ARTHUR TURNER, Plaintiff and Respondent,
v. STATE DEPARTMENT OF MOTOR VEHICLES,
Defendant and Appellant.

Thomas C. Lynch, Attorney General, and David Gould, Deputy Attorney General, for Defendant and Appellant.

Richard S. Henderson for Plaintiff and Respondent.

COUGHLIN, Acting P. J.—Defendant, the Department of Motor Vehicles, appeals from a judgment decreeing issuance of a writ of mandate directing it to grant plaintiff, Turner, a hearing in a proceeding instituted pursuant to the financial responsibility provisions of the Vehicle Code (Veh. Code, §§ 16000 et seq.), and to set aside its order suspending his driver's license until the hearing had been determined.

On November 14, 1966, Turner was driving an automobile which collided with and injured a pedestrian named Chambers. Thereafter, the department demanded Turner post security in the sum of $10,000, pursuant to Vehicle Code section 16080, or suffer suspension of his driver's license. Turner did not post the security and the department ordered suspension of his license. The date of the demand for security or of the order of suspension does not appear from the record. On April 12, 1967, Turner's attorney wrote the department; stated, in substance, he had reviewed the police accident report and the evidence appeared to be overwhelming that the cause of injury to the pedestrian was the fact he "darted out into the traffic and failed to look for traffic" and "there is no reasonable cause to believe that under any known legal theory that Mr. Turner could be liable for any damages"; demanded the department afford Turner a formal hearing on the issue of whether security should be required; and also demanded the department stay its order of suspension until a hearing had been held. The department replied by letter dated April 24, 1967, stating it was "not authorized to determine fault or legal liability arising from an accident. This is usually deter-

mined by a suit for damages in a civil court having proper jurisdiction''; that there was no provision in the law for a hearing, or extending the effective suspension date; and when Turner complied with the financial responsibility law it would give further consideration to restoration of his driving privilege. Thereupon Turner filed the petition in the instant proceeding seeking a writ of mandate compelling the department to grant him a hearing on the issue of his ''probable pecuniary culpability arising from the accident,'' and directing it to set aside the order suspending his license until the hearing had been determined. At the hearing on this petition the only evidence introduced was the letters from Turner's attorney and from the department in reply. The judgment is premised on these letters and upon facts alleged in the petition which are not denied in the department's answer. It was not shown whether Turner filed a report of the accident as required by Vehicle Code section 16000. Attached to the department's answer was a photographic copy of a report signed by Chambers showing he received substantial injury in an accident on November 14, 1966 involving himself, as a pedestrian, and an automobile driven by Turner. It was not shown whether there were other reports or other evidence upon which the department based its determination precedent to its demand for security.

 We have concluded the department acted within the law in denying Turner's request for a hearing on the issue of ''culpability''; the order suspending his driver's license was proper; and the judgment should be reversed.

Pertinent provisions of the financial responsibility statute provide the driver of a motor vehicle involved in an accident which results in bodily injury of any person shall report the accident within 15 days on forms provided by the department (Veh. Code, § 16000); the driver ''shall deposit security in a sum which shall be sufficient in the judgment of the department to satisfy any final judgment or judgments in any amount for bodily injury . . . resulting from such accident as may be recovered against such driver . . .'' unless the driver shows he is exempt from the provisions of the statute (Veh. Code, § 16020); the department shall determine the amount of the security deposit ''upon the basis of the reports or other evidence submitted to it'' (Veh. Code, § 16020); the driver is given the privilege of establishing ''to the satisfaction of the department'' that his responsibilities arising out of the accident are within the provisions exempting him from

the requirements of security (Veh. Code, § 16050); the method of establishing the exemption is by *filing* a report or evidence with the department (Veh. Code, §§ 16051-16053); and in the event the driver fails to establish his exemption within 50 days after the accident and fails to deposit security within 10 days after notice specifying the amount thereof, the department shall suspend his license to drive. (Veh. Code, § 16080.)

In *Escobedo* v. *State of California,* 35 Cal.2d 870, 875, 878 [222 P.2d 1], the Supreme Court upheld the constitutionality of the financial responsibility statute; held suspension of a license upon failure to deposit security, without a hearing before the department but subject to subsequent judicial review, was reasonably justified by a compelling public interest and, for this reason, did not violate due process; declared the statute did not contemplate ''that the department necessarily should give an operator opportunity to be heard before it determined the amount of security required and notified him that his license would be suspended unless he deposited such sum''; also held the statute did not violate the equal protection clause of the federal Constitution; and in reaching the latter ruling stated, among other things: ''The statute did not require security of every operator who might be involved in an accident, but only of those against whom, in the opinion of the department, a judgment might be recovered. Inasmuch as the recovery of a judgment depends, in theory at least, upon culpability, it would seem that the statute, presumptively properly administered, was not open to the objection that under it the nonculpable were subject to arbitrary discrimination.''

The trial judge concluded the department was required to determine the issue of ''culpability''; premised his conclusion upon that portion of the opinion in *Escobedo* v. *State of California, supra,* 35 Cal.2d 870, 878, respecting ''culpability''; and further concluded Turner should have a hearing before the department upon that issue.

On appeal the department contends it is not required to determine ''fault'' precedent to a demand for security and, in any event, it is not required to grant a hearing to the licensee on this issue. Our conclusion a departmental hearing is not required is decisive of the appeal and we devote our attention exclusively to the reasons for this conclusion. The statute does not provide for such a hearing. The decision in *Escobedo* v. *State of California, supra,* 35 Cal.2d 870, does not require such a hearing. The holding in *Escobedo* that suspension of a

license under the statute without a departmental hearing did not violate due process was based on a finding that, ''thousands of uninsured motorists having been involved in accidents, the impracticability of requiring a hearing in each case'' constituted a compelling public interest reasonably justifying summary disposition of the issues involved. (*Eye Dog Foundation* v. *State Board of Guide Dogs for the Blind,* 67 Cal.2d 536, 545 [63 Cal.Rptr. 21, 432 P.2d 717] ; *Escobedo* v. *State of California, supra,* 35 Cal.2d 870, 876-877.) This finding constitutionally justifies suspension of a license without a departmental hearing on the issue of ''culpability,'' assuming the existence of such an issue, as well as upon any other issue in the proceedings. The statute prescribes a summary disposition of the issues involved; requires all decisions incident to a determination of the necessity for and amount of the security demanded to be made within 50 days after the accident; requires the licensee to post the security within 10 days after notice of this determination; and, in the event he does not post security, prescribes suspension of his license not later than the 76th day after receipt by the department of the accident report required by Vehicle Code section 16000, which should be filed within 15 days after the accident. The determination of factual issues is to be made upon reports and other evidence filed with the department. (Gen. see Veh. Code, §§ 16020, 16051, 16052, 16053.) There is no provision for a hearing encompassing the oral presentation of testimony by witnesses or the presentation of arguments. ▪ The purpose of the financial responsibility statute is to protect the public against the financially irresponsible motorist; permits a motorist to use the highways without establishing his financial responsibility until he is involved in an accident; but withdraws this permission when, upon the happening of such an accident, he demonstrates his financial irresponsibility by failing to comply with prescribed security deposit requirements. As an alternative to requiring a motorist to establish his financial responsibility before permitting him to use the highways, the statute provides a subsequent, summary and speedy method by which he must establish his financial responsibility as a prerequisite to continued use of the highways. (*Escobedo* v. *State of California, supra,* 35 Cal.2d 870, 876.) ▪ Departmental hearings on the issue of ''culpability'' would afford every uninsured motorist involved in an accident a discovery procedure tantamount to a preliminary hearing in a negligence action not yet filed ; would prevent the summary and speedy determination implicit in the prescribed statutory

procedure; and in this manner would defeat the objective and purpose of the statute. That part of the judgment directing issuance of a writ of mandate commanding the department to afford Turner a hearing on the issue of "culpability" was erroneous.

The additional provision of the judgment directing the department to set aside the suspension of Turner's license until such time as the hearing on the issue of "culpability" has been held and determined obviously is premised upon the erroneous concept the department abused its discretion in refusing to grant a hearing on that issue. There is no showing or finding supporting an alleged abuse of discretion in any other particular. (Gen. see *International Assn. of Fire Fighters* v. *City of Palo Alto*, 60 Cal.2d 295, 300 [32 Cal.Rptr. 842, 384 P.2d 170]—re necessity of findings in a mandamus proceeding.) The remarks of the trial judge at the time of the arguments on the petition verify this conclusion. The record does not supply any valid basis for the judgment directing the department to set aside its suspension order.

The judgment is reversed.

Whelan, J., and Lazar, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.