[Civ. No. 25178. First Dist., Div. Three. Dec. 13, 1968.]

DUNCAN PAIN, Plaintiff and Respondent, v. THE MUNIC-
IPAL COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Defendant and Respondent; THE
PEOPLE, Real Party in Interest and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Clifford K. Thompson, Jr., Deputy Attorneys General, for Real Party in Interest and Appellant.

Paul N. Halvonik, Ephraim Margolin and Marshall W. Krause for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

DRAPER, P. J.—Complaint filed in the municipal court alleged that Pain, respondent here and petitioner below, "did maintain and commit a public nuisance by unlawfully obstructing the free passage and use in the customary manner of a public street." The complaint charged violation of section 370 of the Penal Code. That section, however, merely defines a public nuisance. Sanction is provided by section 372, which provides for punishment as a misdemeanant of "[e]very person who maintains or commits any public nuisance . . ." Pain, hereinafter called defendant, demurred to the complaint. It was stipulated that if the demurrer were overruled, section 372 would be substituted in the charging allegation, and that thus the court should look to sections 370 and 372, jointly or severally. The demurrer was overruled. Defendant sought prohibition in the superior court, which granted peremptory writ, on the ground that the statute is unconstitutional. The People appeal.

Defendant recognizes the rule that one asserting constitutional infirmities usually is limited to the facts of his own case, and cannot question validity of the statute as it may be applied to others (see *Fort* v. *Civil Service Com.*, 61 Cal.2d 331, 338 [38 Cal.Rptr. 625, 392 P.2d 385], and cases there cited). But when a statute restricting free speech or the dissemination of ideas is attacked on the ground of overbreadth and uncertainty, the courts may consider the operation of the statute as to factual situations other than the one at bar (id., *N.A.A.C.P.* v. *Button*, 371 U.S. 415, 432-433 [9 L.Ed.2d 405, 417-418, 83 S.Ct. 328]; *In re Hoffman*, 67 Cal.2d 845 [64 Cal.Rptr. 97, 434 P.2d 353]; *In re Bell*, 19 Cal.2d 488 [122 P.2d 22]). Defendant asserts that this exception applies here.

In such cases, however, some reasonably direct effect of the regulation upon First Amendment rights appears upon the face of the statute (e.g., *Thornhill* v. *Alabama*, 310 U.S. 88

[84 L.Ed. 1093, 60 S.Ct. 736]; *Fort* v. *Civil Service Com.*, *supra*, 61 Cal.2d 331; *In re Bell, supra*, 19 Cal.2d 488) or from the factual context in which it is sought to be enforced (e.g., *N.A.A.C.P.* v. *Button, supra*; *In re Hoffman, supra*).

▮ No facts are before us, and it follows that, if the rule urged by defendant is to be applied, the suggested infringement of First Amendment rights must be found upon the face of the statute.

We look to the portion of section 370 directly involved here. It defines as a public nuisance "[a]nything which . . . unlawfully obstructs the free passage or use, in the customary manner, of any . . . street or highway, . . ." The argument is that public streets may be a place for dissemination of information, as by peaceful picketing or other common informational processes.

Here, however, such application of the statute is at best conjectural. In this respect, the statute before us differs notably from those dealt with in the cases relied upon by defendant. In *Thornhill*, the Alabama statute prohibited loitering upon or going near premises for the purpose of "inducing other persons not to trade with" the occupant, thus clearly and directly limiting peaceful picketing. Similarly, the ordinance stricken down in *Bell* made it unlawful to "picket . . . for the purpose of inducing" others to quit employment or to refrain from seeking employment. The charter provision considered in *Fort* denied to public employees the right to "take any part in political management or affairs in any political campaign . . . or in any campaign to adopt or reject any initiative or referendum measure." Each of these enactments, like those in the other cases relied upon by defendant, expressly restricted freedom of expression. No such infringement is either express or implicit in section 370.

Almost any act denounced as criminal by the Penal Code may, in some conceivable circumstances, stem from defense of, or resistance to restriction upon, freedom of expression. We do not accept the view that so remote a connection with First Amendment rights requires us in turn to hypothesize different circumstances involving other persons as to whom the statute might possibly be used to restrict freedom of expression.

Moreover, section 370's definition of street obstruction as a public nuisance has long been construed by California courts as limited to unreasonable obstructions. (*Fisher* v. *Los Angeles Pac. Co.*, 21 Cal.App. 677, 682 [132 P. 767]; *People* v. *Amdur*, 123 Cal.App.2d Supp. 951, 959 [267 P.2d 445]; see *Vasquez* v. *Alameda*, 49 Cal.2d 674, 678 [321 P.2d 1] [dissent-

ing opinion]). We accept this construction, and direct that in trying the case the court below treat the word "unreasonable" as included in the statute preceding the word "obstruction." A state's judicial construction of a penal provision is deemed a part of the statute in determining its constitutionality (*Shuttlesworth* v. *City of Birmingham*, 382 U.S. 87, 91 [15 L.Ed.2d 176, 179, 86 S.Ct. 211]). Even prohibition of picketing, if limited to that conducted in "a manner which obstructs or unreasonably interferes with" free use of public streets, is permissible. It "does not abridge constitutional liberty." (*Cameron* v. *Johnson*, 390 U.S. 611, 617 [20 L.Ed. 2d 182, 188, 88 S.Ct. 1335]). "[T]he fact that free speech is intermingled with such conduct does not bring with it constitutional protection." (*Cox* v. *Louisiana*, 379 U.S. 559, 564 [13 L.Ed.2d 487, 492, 85 S.Ct. 476]).

It is conceivable that facts developed at trial may show infringement of constitutional rights of defendant. In the factual vacuum in which we are placed on this appeal, we cannot conjure up such circumstances, but must leave them to be dealt with, at trial and on appeal, upon a record which establishes some tangible fact context.

We find no merit in defendant's contention that the opening word "anything" in section 370 limits its application to inanimate objects, and that it would demean an individual to the status of a chattel to include him within it. By stipulation, we are to deem the offense charged to be a violation of section 372, under which "[e]very person who maintains or commits" a public nuisance is guilty of a misdemeanor.

 Under the view of section 370 which we have outlined, it is unnecessary to consider defendant's attacks upon its constitutionality as it might be applied to that which is "injurious to health," or is "indecent" or falls within other proscriptions of the section. We look, rather, to the violation charged to defendant.

Insofar as it defines the offense charged in the complaint before us, the statute is neither vague, uncertain, nor overbroad (*Cameron* v. *Johnson supra*). It follows that the municipal court properly overruled the demurrer, and the superior court erred in issuing writ of prohibition.

Judgment reversed.

Salsman, J., and Brown (H. C.), J., concurred.

A petition for a rehearing was denied January 10. 1969; and the petition of plaintiff and respondent for a hearing by the Supreme Court was denied February 5, 1969.