*Supp. 9 Opinion
SAETA, J.
—Defendant was charged with violating Health and Safety Code section 41700 (discharging air contaminants[1]) stemming from an incident on February 24, 1978. The thrust of the People’s case was that odor from defendant’s paint baking oven annoyed a considerable number of nearby residents. Defendant demurred to the complaint, asserting that the statute in question was unconstitutionally vague. The demurrer was overruled and the matter went to a lengthy trial. The jury found the defendant guilty. Thereupon defendant moved to arrest the judgment and also moved for a new trial. The latter motion was placed off calendar due to the ruling on the motion in arrest of judgment.
The trial judge, in granting the motion in arrest of judgment stated: “It’s [§ 41700] constitutionally uncertain in that it cannot be ascertained therefrom what is meant by the statute or the pleadings based on the statute by the term ‘annoyance to a considerable number of persons and to the public.’”
The People appeal from that ruling under the provisions of Penal Code section 1466, subdivision 1(d). The defendant’s “protective cross-appeal” was dismissed by this court on February 27, 1979.
A motion in arrest of judgment is an infrequently used procedural device here employed to challenge the constitutionality of a penal statute. It is in effect a second demurrer. As defined by Penal Code section 1185, such a motion is “an application on the part of the defendant that no judgment be rendered on a... verdict of guilty.... It may be founded on any of the defects in the accusatory pleading mentioned in section 1004 [relating to demurrers], unless the objection has been waived by a failure to demur . . .. ” Similarly to a demurrer, the motion in arrest of judgment reaches only defects which appear on the face of the pleading. (People v. Megladerry (1940) 40 Cal.App.2d 748, 757-762 [106 P.2d 84]; Witkin, Cal. Criminal Procedure (1963) Judgment and Attack in Trial Court, § 602, p. 596.) The parties have made extensive references to the evidence taken at the trial. We do not con *Supp. 10 sider this evidence, nor the weight thereof, in analyzing the correctness of the trial court’s ruling on the motion in arrest of judgment. We look only to the statutory words and the constitutional principles applicable to the theory of vagueness.
Defendant’s main attack on section 41700 is centered on the words “annoyance to any considerable number of persons.” Preliminarily, we find no case construing the constitutionality of this statute. The next section in the Health and Safety Code, section 41701, has been determined to be constitutional. That statute regulates the opacity' of discharges into the air. People v. Plywood Mfrs. of California (1955) 137 Cal.App.2d Supp. 859 [291 P.2d 587] upheld the constitutionality of Health and Safety Code section 24242, the predecessor to section 41701. It specifically did not decide the constitutionality of section 24243, the predecessor to section 41700. ( {Id. at p. 864.) Defendant points to the section construed in Plywood as being more specific as it has reference to a scientific device, the Ringelmann Chart. However, section 41700, the statute we are concerned with on this appeal, must stand or fall on its own wording. As the Plywood court says, “Another rule of construction is that a statute shall be read in the light of the problem that it was designed to solve.” (Ibid.) The problem addressed by section 41700 involves, among other things, odors; that in 41701, density of smoke. Nowhere in the extensive briefs of the parties and amicus is there any reference to a device or gouge or test to measure odor.[2] But this is not to say that the state may not regulate the discharge of air contaminants to prevent the annoyance of nearby residents from the odors of those contaminants.
The classic formulation of the void for vagueness doctrine was stated in the leading case of Connally v. General Construction Co. (1926) 269 U.S. 385, 391 [70 L.Ed. 322, 328, 46 S.Ct. 126], as follows: “[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.” California’s analog to Connally is Bowland v. Municipal Court (1976) 18 Cal.3d 479, 492 [134 Cal.Rptr. 630, 556 P.2d 1081] where the Supreme Court states: “In examining statutes challenged on vagueness grounds, courts have looked not merely at the hypothetical cases to which the statute has uncertain *Supp. 11 applicability, but also at the act allegedly committed by the charged defendant. The presumptive validity of a legislative act militates against invalidating a statute merely ‘. .. because difficulty is found in determining whether certain marginal offenses fall within . .. [its] language. [11] Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed.’ (United States v. National Dairy Corp. (1963) 372 U.S. 29, 32 [9 L.Ed.2d 561, 565, 83 S.Ct. 594], citations omitted, italics added; see also Parker v. Levy (1974) 417 U.S. 733, 756-757 [41 L.Ed.2d 439, 457-458, 94 S.Ct. 2547].) We are not obliged to ‘. . . consider every conceivable situation which might arise under the language of the statute (In re Cregler (1961) 56 Cal.2d 308, 313 [14 Cal.Rptr. 289, 363 P.2d 305]), so long as that language may be given ‘... a reasonable and practical construction in accordance with the probable intent of the Legislature’ and encompassing the conduct of the defendants (County of Nevada v. MacMillen (1974) 11 Cal.3d 662, 673 [114 Cal.Rptr. 345, 522 P.2d 1345]). Thus plaintiffs cannot complain of the vagueness of a statute if the conduct with which they are charged falls clearly within its bounds. In the matter before us we conclude that it does.”
Defendant General Motors was charged with emitting baked or burnt paint odors from its oven. We do not believe it too difficult for defendant to be aware that release of such odors could annoy and be a nuisance to those people residing nearby where the fumes "would travel in the air.
The phrase “any considerable number of persons” attacked by defendant, is also found in the definition of public nuisances found in Penal Code section 370 and Civil Code section 3480. Penal Code section 370 was upheld, in Pain v. Municipal Court (1968) 268 Cal.App.2d 151, 154 [73 Cal.Rptr. 862], although the constitutional attack was based more on a restriction of free speech rather than on vagueness. In the more recent case of People ex rel. Busch v. Projection Room Theatre (1976) 17 Cal.3d 42 [130 Cal.Rptr. 328, 550 P.2d 600], a broad attack on vagueness grounds was made on Penal Code section 370. (Id. at p. 56.) The Supreme Court upheld the statute, but again the phrase “considerable number of persons” was not addressed.
Civil Code section 3480 was applied in Wade v. Campbell (1962) 200 Cal.App.2d 54 [19 Cal.Rptr. 173, 92 A.L.R.2d 966]. The court held that 11 plaintiffs who complained over the operation of defendant’s *Supp. 12 dairy constituted “a considerable number of persons in the neighborhood.” (Id. at p. 59.) There were 51 lots in the tract which the court apparently considered as the appropriate area. Plaintiffs owned 12 1/2 lots and defendants owned 7 1/2 lots. The opinion does not explain the significance of the use of the tract as the area to be considered or attempt to establish a percentage of neighbors to be annoyed. What constitutes the appropriate neighborhood may depend on the range of the contaminants. In the Wade case the complaints were of flies, mosquitoes, noxious odors, dust, noises and unsightly views. In our case the complaint was about odors from a paint oven. It would be a matter of fact how far such odors could travel and still be annoying.
The word “annoyance,” also attacked by defendant as too vague, has been held to pass constitutional muster in People v. Pallares (1952) 112 Cal.App.2d Supp. 895 [246 P.2d 173] and People v. Moore (1955) 137 Cal.App.2d 197, 200 [290 P.2d 40]. The thrust of these cases is to apply the reasonable man standard, i.e., would the reasonable man be irritated by the conduct of the defendant.
Some further assistance is given by consideration of the cases of Smith v. Peterson (1955) 131 Cal.App.2d 241 [280 P.2d 522, 49 A.L.R.2d 1194] and People v. Madearos (1964) 230 Cal.App.2d 642 [41 Cal.Rptr. 269]. Those cases analyzed what now are Vehicle Code sections 27150 (relating to “excessive or unusual noise” from mufflers) and 27153 (relating to “excessive” smoke) respectively. Both courts held these standards were not too vague. In our view, the words attacked in Health and Safety Code section 41700 are at least as clear as the use of the word “excessive” in the Vehicle Code.
It is thus our view that Health and Safety Code section 41700 is not void for vagueness. Paraphrasing Bowland v. Municipal Court, supra, 18 Cal.3d 479, we hold that defendant General Motors could reasonably understand that its conduct in discharging air contaminants could annoy and irritate those persons who lived and worked in the area surrounding defendant’s plant. We need not decide how large an area and how many persons were or could be affected. Those are primarily factual questions which are not before us on this appeal.
After granting the defendant’s motion, the trial judge attempted to apply Penal Code section 1188 by ruling that the order arresting judgment operated as an acquittal. Section 1188, however, applies to felony prosecutions, not misdemeanor prosecutions. That section by its terms *Supp. 13 operates as an acquittal “of the charge upon which the indictment or information was founded.” Prosecution of defendant here was by complaint, not an indictment or information. Penal Code section 1187 was the proper statute to apply. It reads, in part, as follows: “In any other court [other than the Superior Court] the effect [of granting the motion in arrest of judgment] is to place the defendant in the situation in which he was before the trial was had.” This latter section, along with Penal Code sections 1185 and 1186, stems from the changes enacted in 1951 wherein former Penal Code section 1452 was repealed and its provisions relating to misdemeanor motions in arrest of judgment were incorporated into sections 1185, 1186 and 1187. Section 1188, applying to the superior courts alone, was not so changed. Sections 1185 and 1186 use the words “accusatory pleadings.” These words would encompass a complaint, information and indictment. Thus the Legislature, in its selection of words, has made a conscious choice differentiating the applicability of sections 1187 and 1188.
The effect of our judgment reversing the trial court’s order is to place the case back in the posture of a proceeding postverdict and prejudgment. It will thus be necessary for the trial court to rule on the motion for new trial.
The order granting the motion in arrest of judgment is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.
Bigelow, Acting P. J., and Fainer, J., concurred.

nection 41700 provides: “Except as otherwise provided in section 41705, no person shall discharge from any source whatsoever such quantities of air contaminants or other material which cause injury, detriment, nuisance, or annoyance to any considerable number of persons or to the public, or which endanger the comfort, repose, health, or safety of any such persons or the public, or which cause, or have a natural tendency to cause, injury or damage to business or property.”

We are aware of measuring instruments called odometers. We are unaware of any development of an odorometer.