[Civ. No. 69050. Second Dist., Div. Four. Apr. 24, 1984.]

POWER TOOL & SUPPLY COMPANY et al.,
Cross-complainants and Appellants, v.
LAKESIDE CHEVROLET COMPANY,
Cross-defendant and Respondent.

948

COUNSEL

Brown & Vars, Vars & Pave, Robert J. Vars, Jerry L. Whitcomb and Alan H. Yamada for Cross-complainants and Appellants.

King & Williams and Barbara Kekich for Cross-defendant and Respondent.

OPINION

**McCLOSKY, J.**—Cross-complainants Power Tool & Supply Company (Power Tool) and John A. Zettel (Zettel) appeal from the summary judgment in favor of Lakeside Chevrolet Company (Lakeside).[1] That summary judgment resulted in the dismissal of Power Tool and Zettel's cross-complaint for indemnification against Lakeside.

FACTS

Sharon Berry and David Valdez Gutierrez filed a complaint against Power Tool, Zettel and Fruehauf Distributing Corp. (Freuhauf) for negligence and strict liability. In summary, that complaint sought recovery for injuries sus-

---

[1] We review the propriety of the court's ruling on the motion for summary judgment following the resulting judgment of dismissal. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeals, § 59, pp. 4074-4075.)

tained when a vehicle occupied by plaintiffs was struck by a trailer that had broken away from a vehicle owned by Power Tool and operated by Zettel.

Power Tool and Zettel cross-complained for indemnity initially against Fruehauf, the alleged manufacturer of the errant trailer, but later amended to include Lakeside as a cross-defendant. Freuhauf in turn cross-complained for indemnification against Lakeside. Lakeside then noticed a motion for summary judgment against both cross-complainants on their cross-complaints. The court granted the motion as to Fruehauf but denied it as to Power Tool and Zettel. Fruehauf appealed this ruling.

In *Fruehauf Corp.* v. *Lakeside Chevrolet Co.* (1981) 117 Cal.App.3d 783 [173 Cal.Rptr. 55], we affirmed the trial court's ruling. The evidence in support of that motion demonstrated that Lakeside acquired trailers as trade-ins for the purchase of other vehicles. Lakeside then sold these trailers "as is" to Fruehauf who in turn sold them to the public. The trailer involved in the incident was one of those trailers.

In *Fruehauf,* we were faced with a first impression interpretation of Vehicle Code section 24007, subdivision (a) which provides that "[n]o dealer or person holding a retail seller's permit shall sell a new or used vehicle which is not in compliance with the provisions of this code and departmental regulations adopted pursuant to this code unless the vehicle is (1) sold to another dealer, (2) sold for the purpose of being wrecked or dismantled, or (3) sold exclusively for off-highway use."

We concluded that "Vehicle Code section 24007 [subd. (a)(1)] expressly exempted [Lakeside] from the obligation to inspect or repair the trailer it sold to Fruehauf [because Freuhauf was 'another dealer' within the meaning of that subdivision]." We also concluded that [Lakeside] "was justified in relying on the terms of the statute to relieve it from any liability to the consumer for negligence, breach of implied warranty or strict liability and to impose on the dealer-purchaser full responsibility for the condition of the vehicle at the time it was sold to the consuming public." (117 Cal.App.3d at p. 789; fn. omitted.) After our ruling in *Fruehauf Corp.* v. *Lakeside, supra,* Lakeside successfully moved for summary judgment on the cross-complaint brought by Power Tool and Zettel.

## CONTENTION

■ Power Tool and Zettel's sole contention on appeal is that Vehicle Code section 24007 violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and article I, section 7 of the

California Constitution, by shielding from liability vehicle dealers who sell to other dealers, thereby making such dealers a favored class.[2]

DISCUSSION

I

In determining whether this classification is violative of the equal protection clauses of the United States and California Constitutions the rational basis standard of review is appropriate. (See *Steed* v. *Imperial Airlines* (1974) 12 Cal.3d 115, 123 [115 Cal.Rptr. 329, 524 P.2d 801, 68 A.L.R. 3d 1204], app. dism. 420 U.S. 916 [43 L.Ed. 387, 95 S.Ct. 1108].) ■ Under that standard, "the burden is upon the plaintiffs to show that the statute before us bears no rational relationship to a legitimate state purpose." (*Hetherington* v. *State Personnel Bd.* (1978) 82 Cal.App.3d 582, 590 [147 Cal.Rptr. 300].) " '[The court's] role is not to pass on the wisdom of the statutory scheme but only to determine whether there is the constitutionally-required minimum rationality to the classification it creates.' " (*Anacker* v. *Sillas* (1976) 65 Cal.App.3d 416, 424 [135 Cal.Rptr. 537], citing *Boykin* v. *Ott* (1972) 10 Ore.App. 210 [498 P.2d 815, 822], app. dism. 411 U.S. 912 [36 L.Ed.2d 304, 93 S.Ct. 1554].)

■ ■ ■ ■ In *Fruehauf,* we concluded that the purpose for the classifications contained in Vehicle Code section 24007 are to "exempt [from liability] transactions which involve no danger to the consuming public."[3] (*Fruehauf Corp.* v. *Lakeside Chevrolet Co., supra,* 117 Cal.App.3d 783, 786.) The exemption for dealers who sell vehicles to other dealers is rationally related to this purpose because "the dealer who sells it to the ultimate consumer is responsible for seeing to it that the vehicle complies with all Vehicle Code requirements." (*Id.,* at pp. 786-787.) It is, therefore, not violative of the equal protection clause.

Appellant urges that the classification now before us may shield a dealer from liability when he sells to another dealer even though he knows of the defect and fails to disclose it. We do not determine whether such a set of facts would create a problem of constitutional dimensions since nothing in the record presented to us suggests that this is the case now before us. (See

---

[2]While appellants frame their sole issue in terms of whether Vehicle Code section 24007 is violative of "due process," their argument clearly concerns only equal protection.

[3]Our *Fruehauf* decision is not binding on us in this appeal under the doctrine of the law of the case, as the parties and the issues are different. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeals, § 633, p. 4552; § 648, p. 4565.) Nonetheless we agree with the reasoning in that decision and accordingly follow it.

*People* v. *Parker* (1973) 33 Cal.App.3d 842, 849 [109 Cal.Rptr. 354]; *Pain* v. *Municipal Court* (1968) 268 Cal.App.2d 151, 152 [73 Cal.Rptr. 862].)

II

■ Lakeside contends that "appellant" should have sanctions imposed on it pursuant to Code of Civil Procedure section 907 and California Rules of Court, rule 26(a) for prosecuting a frivolous appeal. Lakeside urges that appellants' constitutional challenge to Vehicle Code section 24007 is one which any reasonable attorney would agree is totally without merit, thereby warranting the imposition of sanctions. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].) While we agree with Lakeside that appellants have "failed to produce a thoughtful, in-depth equal protection analysis," we heed the admonition of the Supreme Court in *Flaherty* that "[c]ounsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal." (31 Cal.3d at p. 650.) This is such a case. Additionally, there is nothing in the record presented to us which suggests that appellants had an improper purpose in prosecuting this appeal; therefore, no sanctions are warranted under either *Flaherty* standard.

The judgment is affirmed.

Kingsley, Acting P. J., and Rudof, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.